IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANDREA GOLDBLUM, | : | |
| Plaintiff, | : | CASE NO. 1:19-CV-00398 |
| v. | : | JUDGE MCFARLAND |
| UNIVERSITY OF CINCINNATI, | : | MAGISTRATE JUDGE BOWMAN |
| Defendant. | : | |

**DEFENDANT'S REPLY IN SUPPORT
OF ITS MOTION FOR PROTECTIVE ORDER**

Defendant University of Cincinnati ("UC") respectfully submits this reply in support of its Motion for Protective Order preventing Plaintiff from deposing UC's President, Dr. Neville Pinto. Plaintiff's disproportionate and mostly irrelevant response further solidifies UC's concerns that Plaintiff is abusing litigation tools to harass UC.[1]

### I.   Plaintiff has not made a particularized showing to justify deposing Dr. Pinto.

Plaintiff bears the burden of persuading this Court that she can depose Dr. Pinto with what would be her eleventh deposition and over the limit set forth in Civil Rule 30.[2] *See* Fed. R. Civ. P. 30(a)(2)(A)(i); *see also Moore v. Abbott Labs.,* No. 2:05- CV-1065, 2009 U.S. Dist. LEXIS 55999, 2009 WL 73876, at *1 (S.D. Ohio Jan. 8, 2009). Wading through Plaintiff's 31-page response, UC finds just three pages explaining why Plaintiff believes Dr. Pinto has relevant

---

[1] UC objects to Plaintiff's mischaracterization of the facts and false accusations relating to UC's motives. However, UC will not engage in Plaintiff's inappropriate tactics and will only reply to the arguments made relating to UC's Motion for Protective Order.

[2] In an attempt to sidestep her burden and rewrite history, Plaintiff claims Dr. Pinto's deposition would be the tenth deposition. (Doc. 34, PageID # 271 at fn. 19). The Court was a party to the January 30, 2020 discovery conference call and is well aware of the actual decision regarding Morgan Shaw's deposition being designated as Plaintiff's tenth.

1

information justifying his deposition. (Doc. 34, PageID# 274-277). Plaintiff's explanation falls short of meeting her burden.

Plaintiff relies on the same deposition testimony of Dr. Bleuzette Marshall that UC referenced in its Motion. While Plaintiff attempts to mischaracterize Dr. Marshall's testimony, a plain reading of the testimony reveals Dr. Marshall had no substantive conversations with Dr. Pinto regarding Plaintiff's letter and there were no deliberations with Dr. Pinto regarding Plaintiff's employment. (See Doc. 33, PageID # 244). Moreover, Dr. Marshall was the sole decision-maker. (*Id*.) In other words, Dr. Pinto does not have relevant information beyond what has already been obtained from other witnesses.

As this Court has noted, "the question is not whether the deposition[] would lead to the production of relevant evidence," but "whether [Plaintiff] has demonstrated good cause for exceeding the presumptive limit of 10 depositions…through a showing of particularized need." *Moore*, 2009 WL 73876 at *4. Plaintiff cannot simply rest on a claim that Dr. Pinto *might* know something about the case. *Id*. But that is all Plaintiff has done. Beyond that, Plaintiff only speculates that Dr. Pinto has something more to offer. (Doc. 34, PageID # 276-277). It is self-evident that speculation and possibility do not amount to a particularized showing. *See Moore*, 2009 WL 73876 at *2 ("This showing cannot be based upon general assertions."). Consequently, UC is entitled to a protective order preventing Dr. Pinto's deposition.

Plaintiff spends the remainder of her opposition arguing that broad discovery is permitted in civil rights cases, and Dr. Pinto is not a high-ranking government official entitled to protection, while trying to persuade the Court, yet again, that this case is about a supposed cover-up of UC's

student admissions process and the admission of a student.[3] Even if she is correct on any of those points, which she is not, it does not change the fact that Plaintiff fails to make a particularized showing that would allow her to take Dr. Pinto's deposition.

**II.     Discovery must be proportional to the needs of the case.**

Regarding Plaintiff's claim that broad discovery is permitted, each of the cases she cites pre-dates the 2015 amendments to the Civil Rules. (Doc. 34, PageID# 264-265). Amended Rule 26(b) brings an end to the days of nearly unlimited discovery and "encourage[s] judges to be more aggressive in identifying and discouraging discovery overuse." Fed.R.Civ.P. 26, Advisory Committee Notes to the 2015 Amendment. "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." Fed.R.Civ.P. 26, Advisory Committee Notes to the 2015 Amendment.

Here, there is simply no basis to support making Dr. Pinto sit for a deposition regarding an issue in which he had limited involvement and was not a decision-maker. *See* Fed.R.Civ.P. 26(b)(2)(C)(i) (requiring Court to limit proposed discovery that is "unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome or less expensive"). Plaintiff has had ample opportunity to obtain information by discovery in this

---

[3] UC has serious concerns that Plaintiff has violated the parties' Stipulated Protective Order by including documents in her publicly-filed opposition that were marked as Confidential-Subject to Protective Order, although conveniently those designations are cropped from what Plaintiff included in her opposition. Additionally, Plaintiff filed as exhibits the deposition transcripts of Caroline Miller, Andrea Goldblum, Hanna Awadalla, and Bleuzette Marshall. The filing of these depositions, which have not been reviewed and signed, is in contradiction to the parties' Stipulated Protective Order because UC has not had an opportunity to review and designate sections as confidential. Therefore, the exhibits should be stricken from the record at this time. UC reserves the right to seek the Court's intervention on this matter.

run of the mill employment case through written discovery and ten other depositions. *See* Fed.R.Civ.P. 26(b)(2)(C)(ii).

In addition, Dr. Pinto's deposition would amount to "discovery overuse." *See, e.g., Harrison v. Oakland, County of*, Case No. 05-CV-73079, 2006 U.S. Dist. LEXIS 77932, *5 (E.D. Mich. Oct. 26, 2006) (denying request to take more than ten depositions because request "appears to be the result of Plaintiffs' failure to efficiently utilize the appropriate discovery tools and prioritize their discovery efforts to date.").

**III.    The Sixth Circuit has not rejected the extraordinary circumstances standard.**

Contrary to Plaintiff's arguments, this Court has found it appropriate to invoke the high-ranking official or apex doctrine. *See Duncan v. Husted*, Case No. 2:13-cv-1157, 2015 U.S. Dist. LEXIS 17980, 2015 WL 631103, *8 (S.D. Ohio Feb. 12, 2015) ("apex" doctrine applies to high ranking government officials where there is "some evidence that a particular deposition would be unduly burdensome or harassing"). As have other courts in the Sixth Circuit. *See, e.g., EMW Women's Surgical Center, et al. v. Glisson, et al.*, 2017 WL 3749889, at *2 (W.D. Ky. Aug. 30, 2017).

The extraordinary circumstances standard places the burden on the party seeking the deposition to show the official has first-hand knowledge related to the claim being litigation that cannot be obtained elsewhere. *Glisson*, 2017 WL 3749889, *2. The standard does not require UC to provide an affidavit from Dr. Pinto or provide evidence of his busy schedule.[4] Such a requirement would be counterproductive to the purpose behind the rule. Plaintiff simply has not

---

[4] Despite Plaintiff's "academic research," Dr. Pinto's duties span far beyond fundraising. In any event, if that were the case, Plaintiff's research cuts against her argument that Dr. Pinto would involve himself in the details of the termination of an employee who does not report to him.

4

demonstrated that Dr. Pinto has first-hand knowledge relating to the issue at hand that she has not already obtained through other sources.

  **IV.**  **UC is entitled to a protective order under Civil Rule 26(c).**

  Even if the Court does not apply the limitations of Civil Rule 30, the proportionality requirements of Rule 26, or the high-ranking official doctrine, the Court should still grant the University's Motion for Protective Order under Civil Rule 26(c). Civil Rule 26(c) permits courts to issue a protective order, if justice requires and to protect individuals from "annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

  As evidence that Dr. Pinto's deposition would meet the aforementioned criteria, UC referenced evidence in the record, including documents readily available on the docket in this case. (Doc. 28; Doc. 30). The procedural history behind Plaintiff's misuse of discovery to date, and related noticing of Dr. Pinto's deposition for December 27, 2019, is also already before this Court. (*See* December 10, 2019 and January 29, 2020 *in camera* discovery conference letters). Plaintiff cannot seriously resist UC's claim that she has used, or misused as UC views the evidence, discovery to explore matters of UC's student admissions process and to delve into students' education records. Her current opposition reveals as much. (Doc. 34, PageID # 254-263). All these factors support the conclusion that Dr. Pinto's deposition is meant to harass and annoy.

  **V.**  **No adverse inference is warranted.**

  No adverse inference is warranted against UC based on the missing witness rule, which has no application here. As already explained at length, there is no indication that Dr. Pinto is capable of providing testimony that would "elucidate the transaction." *In re Cincom iOutsource, Inc.*, 398 B.R. 236, 239 (S.D. Ohio 2008). Plaintiff does not set forth what testimony she believes Dr. Pinto would provide that would "elucidate the transaction." Plaintiff merely speculates that

Dr. Pinto must know something bad, otherwise UC would voluntarily produce him. The application of the missing witness rule is unwarranted where the proponent presents only unsupported assertions of what the missing person would have said. *See In re Cincom iOutsource, Inc.*, at 239.

While Plaintiff's speculation is unfounded, UC has no obligation to endure costs and harassment just to prove Plaintiff's irrelevant theories wrong. It is not UC's burden to produce Dr. Pinto for a deposition. It is Plaintiff's burden to prove she is entitled to take more than 10 depositions. To do so, she must make a particularized showing in order to depose Dr. Pinto. She has made no such showing. The Court should deny Plaintiff's request for an adverse inference.

### VI. Plaintiff is not entitled to costs or fees.

Plaintiff's request for costs and fees under Rule 37 is not well-founded. In any event, she cites to no specific subsection of the Rule, case law, or facts that would justify imposing costs or fees.

### VII. Conclusion.

For the foregoing reasons, and those set forth in its Motion for Protective Order (Doc. 33), Defendant University of Cincinnati respectfully requests that the Court grant its motion for protective order precluding Plaintiff from deposing Dr. Pinto.

Respectfully submitted,

**DAVE YOST (0056290)**
**Ohio Attorney General**

*/s/ Reid T. Caryer*

REID T. CARYER (0079825)
*Trial Counsel*
Education Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7250 - Telephone
(614) 644-7634 - Facsimile
reid.caryer@ohioattorneygeneral.gov

MARISSA J. PALUMBO (0089283)
Employment Law Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 644-7257 - Telephone
(614) 752-4677 - Facsimile
elsreview@ohioattorneygeneral.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

This will certify that the foregoing *Defendant's Reply in Support of Its Motion for Protective Order* was filed electronically on February 6, 2020. Parties may access this filing through the Court's system.

*/s/ Reid T. Caryer*
_____
REID T. CARYER (0079825)