**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ANDREA GOLDBLUM,

                              Case No: 1:19-cv-398

             Plaintiff,                McFarland, J.

   v.                               Bowman, M.J.

THE UNIVERSITY OF CINCINNATI,

             Defendant.

**ORDER**

Plaintiff Andrea Goldblum filed suit against her former employer, the University of Cincinnati, alleging that Defendant violated Title VII and Title IX by forcing her to resign and/or constructively discharging her based upon her engagement in protected activity. This Court granted Defendant's motion to dismiss Plaintiff's Title VII claim but permitted Plaintiff's Title IX retaliation claim to proceed to discovery.[1]

Discovery on Plaintiff's remaining retaliation claim has been contentious.[2] This order addresses several issues presented during an in-person informal discovery conference held on February 20, 2020.  Although most informal discovery conferences are resolved without the necessity of a formal order, the parties have requested a written order both to clarify the undersigned's rulings on key issues and to preserve the parties' ability to file any objections under Rule 72(a), Fed. R. Civ. P.

---

[1]This case has been referred to the undersigned magistrate judge for all motions "except summary judgment motions." (Doc. 2).  The same referral order remains in effect notwithstanding the recent transfer of this case to the docket of U.S. District Judge McFarland.
[2]On February 12, 2020, the undersigned filed a written order addressing UC's formal motion for a protective order.  (Doc. 36).   Plaintiff has filed objections to that order and a request for expedited briefing, which remain pending before the presiding district judge.

Accordingly, for the reasons discussed during the discovery conference, **IT IS ORDERED**:

1. Plaintiff's informal motion to compel Defendant to produce additional discovery is GRANTED only in part as follows:

   a. Concerning the issue of potential comparators, Defendant shall produce documents relating to director level employees who would be included in the group of approximately 30 "unclassified" individuals that Hanna Awadadalla testified had been disciplined for violating Policy 1502, sections 3(c) or 3(ff);

   b. Concerning the issue of pretext and motive, Defendant shall respond to an Interrogatory drafted by Plaintiff and directed to the individuals identified on page 14 of Caroline Miller's deposition as a "committee" who reviewed the applications of prospective students convicted of sex offenses.  However, in providing its response, Defendant should not disclose any individually identifying information of any applicant, or former or current student;

   c. Defendant shall review whether an audit log was prepared at the time that Plaintiff put in a prior preservation of records request;

   d. At the present time, the undersigned denies Plaintiff's request for additional information relating to potential comparators and/or pretext as overly broad, irrelevant, and unduly burdensome;

2. Plaintiff is to provide medical releases and otherwise work with Defendant to ensure all medical records are produced, as well as all relevant text messages and a full copy of her LinkedIn profile;

3. The parties shall continue to meet and confer on any other discovery issues

that may arise prior to the close of discovery.

                                       *s/ Stephanie K. Bowman*
                                       Stephanie K. Bowman
                                       United States Magistrate Judge