**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Andrea Goldblum,                                      Case No. 1:19-cv-398

    Plaintiff,                                          McFarland, J.
                                                      Bowman, M.J.
           v.

University of Cincinnati,

    Defendant.

**ORDER**

This matter came before the Court on April 10, 2020 pursuant to yet another discovery dispute. This dispute centers around Plaintiff's demand that Defendant produce each and every Maxient case file that was created during Plaintiff's tenure as Title IX Coordinator.  Plaintiff argues that these files are necessary because UC asserts that one of the reasons for Plaintiff's termination was her delay in assigning incident reports to investigators in her office for review.  In a prior discovery dispute, this Court order UC to produce the files, with the appropriate FERPA redactions, in which UC believed there was such a delay.  UC produced those files.  Plaintiff argued then, and argues now, that all the Maxient files should be produced because they may show that the alleged delays were a small percentage of the total cases and were the result of caseload or legitimate prioritization.  UC's position is that those files are not proportional to the needs of this case and is not likely to lead to the discovery of relevant and/or admissible evidence.

During the informal discovery conference on April 10th, the Court informed the parties that unless UC would stipulate or otherwise make it part of the record the total number of Maxient files that exist and whether UC was taking the position that there was

a delay in assigning any of the files not produced, the Court would likely order their production. The Court gave UC until April 14th at 5:00 to consider the Court's position. (See 4/10/20 Minute Entry). UC emailed its proposed stipulation to the Court and opposing counsel. UC will stipulate as follows:

> Between June 1, 2018 and March 15, 2019, the University's Title IX Office received 189 incident reports.
>
> Information about 37 of the incident reports is bates-numbered UC 3722 to UC 3760, and UC 4352 to UC 4496, and have been produced to Plaintiff's counsel subject to the Parties' Stipulated Protective Order (Doc. 16).
>
> The University has not produced information about the remaining 152 incident reports made to the University's Title IX Office between June 1, 2018 and March 15, 2019 because Plaintiff's delay in assigning incident reports does not concern these 152 reports specifically.

Plaintiff informs the Court that she cannot agree to this stipulation arguing that "UC's stipulation merely describes what is known before — that there is a stack of 152 cases that were not produced without providing any substantive description that they were assigned without delay." (Email of 4/14/20 from Josh Engle to Chambers).

Though the proposed language in the stipulation may not set forth exactly what Plaintiff desires, it comes pretty close. UC has argued there was a delay in assigning a subset of incident reports to an investigator for review. UC has produced those files in which it believes there was such a delay. UC has refused to produce the remaining files and sets forth in its proposed stipulation that it has not produced these remaining files because "Plaintiff's delay in assigning incident reports does not concern these reports specifically." The Court interprets this to mean that there was not a delay in the assignment of any incident report not produced to Plaintiff.

Thus, the Court will not order UC to produce the remaining Maxient files. However,

2

UC will not be permitted to argue or present evidence in this case that there was a delay in the assignment of any incident report except as to the incident reports in which UC produced the associated Maxient files.  Discovery closed in this matter on March 20, 2020.  The undersigned will not entertain any additional discovery disputes.  It is time for this case to be addressed on the merits.  As previously set forth during the informal conference, the dispositive motion deadline of April 30, 2020 remains unchanged.

  IT IS SO ORDERED.

<u>s/ Stephanie K. Bowman</u><br>
Stephanie K. Bowman<br>
United States Magistrate Judge