IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ANDREA GOLDBLUM, | : | Case No. 1:19-cv-398 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Stephanie K. Bowman |
| v. | : | |
| UNIVERSITY OF CINCINNATI, | : | |
| Defendant. | : | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE ORDER (Doc. 44)**

This matter is before the Court on Plaintiff's Objection to Order of Magistrate Judge. (Doc. 44.) After holding a telephone conference to assist with discovery in this employment discrimination case, Magistrate Judge Stephanie K. Bowman entered a formal discovery order to clarify her rulings. (Doc. 41.) Plaintiff Andrea Goldblum has filed an objection to that Order. The dispute mainly pertains to discovery aimed at identifying comparators. (Doc. 44 at 2.)

**FACTS**

Plaintiff Andrea Goldblum's underlying allegation is that her constructive discharge from employment at the University of Cincinnati constituted unlawful retaliation in violation of Title IX, 20 U.S.C. § 1681, and Title VII, 42 U.S.C. §§ 2000e, *et seq.* (Doc. 1, ¶¶ 50 – 70). *See also Goldblum v. Univ. of Cincinnati*, 415 F. Supp. 3d 799, 802 (S.D. Ohio 2019). Goldblum acknowledges the applicability of the employment

1

discrimination framework under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). (Doc. 44 at 7.) Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of discrimination. *Id.* at 802. If she does, the burden shifts to the employer, who must show that the adverse employment action had a legitimate, nondiscriminatory basis. *Id.* And, if the employer can do that, then the burden shifts back to the plaintiff to establish that the employer's stated reasons are simply a pretext. *Id.* at 804.

The University claims Goldblum was terminated for violating certain sections of University Policy 15.02, which forbids insubordination, among other things. (Doc. 44-2, ¶ 5; Doc. 44-1, ¶ 3.) Goldblum recognizes the University's claim to be its articulation of a legitimate, nondiscriminatory reason for an adverse employment action. (Doc. 44 at 2.) Then, the burden would shift to her to show that it is a pretext. Accordingly, Goldblum sought discovery on the other individuals disciplined for violations of Policy 15.02 in order to establish that the University's proffered basis for disciplining Goldblum is pretextual. (Doc. 44 at 4-6, 9.) Hanna Awadalla, a human resources representative with the University, had testified that approximately thirty other individuals had been disciplined for violating Policy 15.02. (*See* Doc. 41, ¶ 1(a); Doc. 44 at 3-4.) Goldblum sought discovery on those individuals. (*Id.* at 3-6.)

When Judge Bowman presided over the February 20 discovery conference, one of the disputes pertained to those other individuals, i.e., potential comparators, who had been disciplined for violating the same policy the University claims Goldblum violated. Judge Bowman permitted discovery on such potential comparators, but limited its scope to director-level employees. (Doc. 41, ¶ 1(a).) She memorialized her

rulings in a discovery order (the "Order"). (Doc. 41.) Paragraph 1(a) of the Order provides in full, "Concerning the issue of potential comparators, Defendant shall produce documents relating to director level employees who would be included in the group of approximately 30 'unclassified' individuals that Hanna Awadalla testified had been disciplined for violating Policy 1502, sections 3(c) or 3(ff)." (Doc. 41 at ¶1(a).)

Judge Bowman also directed the University, in Paragraph 1(b), to respond to one of Goldblum's interrogatories which pertained to University applicants who had been convicted of sex offenses, but with the guardrail that the University "not disclose any individually identifying information of any applicant, or current or former student." (*Id.* at ¶ 1(b).)

Goldblum's chief objection is to Paragraph 1(a)'s directive on potential comparators. She also objects to Paragraph 1(b).

## ANALYSIS

Discovery orders are nondispositive pretrial matters under Fed. R. Civ. P. 72(a). *Dayco Prod., Inc. v. Walker*, 142 F.R.D. 450, 454 (S.D. Ohio 1992). Therefore, the determination falls within the magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). A magistrate judge's decision on a nondispositive matter will be reversed only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). *See also Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). A finding is "clearly erroneous" when the reviewing court reaches the definite and firm conviction that the magistrate judge has made a mistake. *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). Clear error is also the standard with respect to the facts

necessary to determining a legal question. *Holt v. City of Battle Creek*, 925 F.3d 905, 910 (6th Cir. 2019) (quoting *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 713, 106 S.Ct. 1527, 89 L.Ed.2d 739 (1986)). A decision is "contrary to law" when the magistrate judge has "misinterpreted or misapplied applicable law." *Elmore v. Warden, Chillicothe Corr. Inst.*, No. 1:07-CV-776, 2019 WL 5704042, at *2 (S.D. Ohio Nov. 5, 2019).

### A. The Order's Limitation to Director-Level Employees (Paragraph 1(a))

Goldblum states that the discovery in question here—identifying potential comparators—is aimed at the pretext stage of the *McDonnell Douglas* framework. (Doc. 44 at 9.) She argues that Paragraph 1(a)'s limitation on discovery to director-level employees is clearly erroneous and contrary to law. She cites *Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 753 (6th Cir. 2012) as providing the rule that plaintiffs may obtain discovery on comparators who are similarly situated in all relevant aspects. She claims that the discovery of other employees who were disciplined "for the exact same reasons" ties in directly to her position that the explanation for the adverse employment action was pretextual. (Doc. 44 at 10.)

In the University's view, Goldblum fails to limit her proposed comparators to employees who are "similar in all relevant respects . . . [and] engaged in acts of comparable seriousness." (Doc. 46 at 6 (quoting *Bobo*, 665 F.3d at 751).) The University contends that, since Goldblum held a high-level position as Executive Director, her insubordinate acts cannot be compared to the insubordinate acts of employers in lower level positions. Thus, according to the University, the Order's director-level employee criterion is an appropriate attempt to limit Goldblum's discovery to ensure it yields

4

comparators who are "similar in all relevant respects" to Goldblum. (*Id.*)

In evaluating retaliation claims, courts may consider whether the employer treated the plaintiff differently from similarly situated individuals. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 516–17 (6th Cir. 2009). Some limits apply, however. *Bobo* noted that circuit precedents "grapple with the difficulty of applying the 'similarly situated' comparator standard and the danger of treating that standard as requiring exact correlation, in violation of our precedents." *Bobo*, 665 F.3d at 753. Although the law on potential comparators does not require an exact correlation, it still requires relevance. A plaintiff is not required to demonstrate an exact correlation between herself and others who are similarly situated; but she still must show that she and her proposed comparators are "similar in all relevant respects, and that [she and her] proposed comparators engaged in acts of comparable seriousness." *Id.* at 751.

According to Goldblum, discovery of all employees disciplined "for the exact same reason" is not just permissible, but the denial of such discovery amounts to reversible error. (Doc. 44 at 10.) Discipline under the same policy, however, is not the only relevant question. Goldblum never addresses whether it might be relevant that she was a director-level employee. Judge Bowman, on the other hand, appears to have considered it relevant that Goldblum occupied a position of authority.

There is support for Judge Bowman's reasoning. Director-level employees are subject to different standards than non-director employees. The Sixth Circuit has recently stated: "[I]t cannot be said that conduct that might be tolerated or treated with progressive discipline at lower ranks must be similarly accepted from the [highest

5

employee's] advisors, who are held to a higher level of professionalism and who are expected to set the standard of conduct for the [employer]." *Miles v. S. Cent. Human Res. Agency, Inc.*, 946 F.3d 883, 894 (6th Cir. 2020) (quoting *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1281 (11th Cir. 2008)). Thus, director-level employees have more in common with other directors than they do with non-director employees. This is a relevant distinction. And, as even *Bobo* observed, proposed comparators must be similar in "*all relevant* respects." *Bobo*, 665 F.3d at 751 (emphasis added).

The fact that this discovery is directed at the pretext stage makes this an even easier case. The Sixth Circuit has recently pointed out that the pretext stage—the stage Goldblum admits this discovery is directed toward—requires "substantially identical conduct." *Miles*, 946 F.3d at 893 (quoting *Chattman v. Toho Tenax Am., Inc.*, 686 F.3d 339, 349 (6th Cir. 2012)). Indeed, *Miles* indicated that courts should "remain aware of the closer correlation required for the comparators' conduct at the pretext stage." *Id.* at 894.

In light of the Sixth Circuit's precedent on potential comparators—especially its recent reiteration of the "closer correlation required . . . at the pretext stage"—the Court cannot agree that the Order was clearly erroneous or contrary to law. *Id.*; *see also Ahad v. Wilkie*, 787 Fed.Appx. 286, 290 (6th Cir. 2019) ("the comparison must be precise"). The crux of Goldblum's argument is that being disciplined under the same policy is enough to meet the comparator standard at the pretext stage. She fails, however, to explain why the excluded comparators—that is, the non-director employees—would be similar in all relevant respects or that they engaged in acts of comparable seriousness. *See Bobo*, 665, F.3d at 751. This is fatal to her objection, given the Sixth Circuit's other recent

6

observation that conduct at lower ranks is dissimilar from conduct at higher ranks, and therefore lacking the necessary correlation for comparators at the pretext stage. *See Miles*, 946 F.3d at 894.

### B. The Order's Directive on the Interrogatory (Paragraph 1(b))

Goldblum also raises an objection to Paragraph 1(b), which directs the University to respond to one of Goldblum's interrogatories about prospective students convicted of sex offenses. Yet she admits that if the University complies with the Order, the Court will not need to intervene further. (Doc. 44 at 14.) Thus, besides being speculative, the problem she describes would be the error of the University, not the magistrate judge. Because Goldblum fails to even claim that there is anything clearly erroneous or contrary to law about Paragraph 1(b) of the Order, she has waived her objection to it. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997).

## CONCLUSION

The Court finds no error in Magistrate Judge Bowman's Order (Doc. 41). Accordingly, Plaintiff's Objection to Order of Magistrate Judge (Doc. 44) is **OVERRULED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND