IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

ANDREA GOLDBLUM,                    :     Case No. 1:19-cv-398
                                    :
              Plaintiff,            :     Judge Matthew W. McFarland
                                    :     Magistrate Judge Stephanie K. Bowman
      v.                            :
                                    :
UNIVERSITY OF CINCINNATI,           :
                                    :
              Defendant.            :
                                    :

---

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO ORDER OF MAGISTRATE JUDGE (Doc. 51)

---

This matter is before the Court on Plaintiff's Objection to Order of Magistrate Judge. (Doc. 51.) After holding an informal discovery conference in this employment discrimination case, Magistrate Judge Stephanie K. Bowman entered a discovery order. (Doc. 49.) Plaintiff Andrea Goldblum has filed an objection to that Order, her third objection to an order issued by Magistrate Judge Bowman. This time, the dispute pertains to Defendant University of Cincinnati's production of Maxient files. (Doc. 51.)

### FACTS

Goldblum represents that Maxient is a software program that the University uses for managing investigative records. (Doc. 51 at 2.) The University acknowledges that its Title IX office uses Maxient to track incident reports and subsequent cases. (Doc. 52 at 1.) Magistrate Judge Bowman noted that Goldblum had demanded that the University produce "each and every Maxient case file" created during Goldblum's time as Title IX

1

coordinator. (Doc. 49 at 1.) Goldblum claimed they were all necessary because the University asserted that one of the reasons for Goldblum's termination was her delay in assigning incident reports to investigators for review. (*Id.*) Magistrate Judge Bowman had already ordered the University to produce the allegedly-delayed files, with the proper FERPA redactions. The University had complied. But then Goldblum argued that *all* of the Maxient files should be produced, because they may show that the alleged delays constituted a small percentage of the total cases and resulted from caseload or legitimate prioritization. (*Id.*)

In response to Goldblum's concern, Magistrate Judge Bowman advised the parties that she would probably order the production of all the Maxient files, unless the University stipulated the total number of Maxient case files that exist. The University stipulated that, between June 1, 2018 and March 15, 2019, the Title IX office received 189 incident reports; it had produced 37 reports; and had not produced information about the remaining 152 incident reports "because Plaintiff's delay in assigning incident reports does not concern these 152 reports specifically." (*Id.*)

Goldblum was still dissatisfied. She argued that the stipulation "merely describes what [was] known before—that there is a stack of 152 cases that were not produced without providing any substantive description that they were assigned without delay." (*Id.*) Nevertheless, Magistrate Judge Bowman concluded that the stipulation satisfactorily addressed Goldblum's concern—the University had argued Goldblum had delayed in assigning a subset of incident reports; it then produced those files which it believed there was a delay, and provided the total number of reports. Thus, Goldblum

2

knew the total number of Maxient files and Magistrate Judge Bowman did not order the University to produce the remaining files. She did, however, preclude the University from arguing that any additional Maxient files had also been delayed. (*Id.* at 2-3.) Magistrate Judge Bowman memorialized these rulings in the Order. (*Id.*)

Goldblum has objected to that Order. (Doc. 51.)

### ANALYSIS

Discovery orders are nondispositive pretrial matters under Fed. R. Civ. P. 72(a). *Dayco Prod., Inc. v. Walker*, 142 F.R.D. 450, 454 (S.D. Ohio 1992). Therefore, the determination falls within the magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). A magistrate judge's decision on a nondispositive matter will be reversed only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). *See also Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). A finding is "clearly erroneous" when the reviewing court reaches the definite and firm conviction that the magistrate judge has made a mistake. *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A decision is "contrary to law" when the magistrate judge has "misinterpreted or misapplied applicable law." *Elmore v. Warden, Chillicothe Corr. Inst.*, No. 1:07-CV-776, 2019 WL 5704042, at *2 (S.D. Ohio Nov. 5, 2019).

Goldblum claims that the Order is clearly erroneous and contrary to Sixth Circuit authority. She claims that there was no demonstration of undue burden and that courts "commonly allow this type of discovery." (Doc. 51 at 6.) She asserts that, since "smoking gun" evidence is rarely available, a plaintiff may establish unlawful conduct through indirect or circumstantial evidence. (*Id.* at 7.) She says that, here, she must build her case

3

from pieces of circumstantial evidence that have the cumulative effect of undercutting the University's defenses. She also argues that the entire body of records "may show, for example, that delays were a small percentage of cases and were the result of caseload or legitimate prioritization." (*Id.*)

The University argues that the Order is consistent with the rule that discovery must be proportional to the needs of the case. It states that Magistrate Judge Bowman was well aware of the burden of producing all of the Maxient files, based on the conferences she had held with the parties; she learned during these calls that, since each incident report generates one file per party involved in the incident, 152 incident reports could entail more than 600 case files. She was also aware of the need to redact those reports, an additional burden. (Doc. 52 at 9.) Finally, the University pointed out that Goldblum has had ample opportunity to conduct discovery on the pretext issue, having taken ten depositions and received over 4,400 pages of documents. (*Id.* at 7.)

Goldblum does not persuade this Court that Magistrate Judge Bowman's Order was clearly erroneous or contrary to law. Both the Order and Goldblum recognize that the Maxient files require redaction, which is an added burden to production. (*See* Doc. 49 at 1; Doc. 51 at 8, fn. 3.) Additionally, the University's stipulation as to the total number of reports addresses Goldblum's percentage concerns. Furthermore, Goldblum's own framing of the alleged problems with the Order—that courts commonly allow this kind of discovery, that plaintiffs may establish unlawful conduct through circumstantial evidence—supports the conclusion that the Order is not clearly erroneous or contrary to law. If courts "commonly allow" certain discovery, they do not *always* allow it; and

4

though plaintiffs may use circumstantial evidence, Fed. R. Civ. R. 26(b)'s proportionality standard still applies. In this Court's view, nothing in the Order leaves this Court with the definite and firm conviction that the magistrate judge has made a mistake, much less misapplied the law. In light of the foregoing, Magistrate Judge Bowman's Order is not clearly erroneous or contrary to law.

## CONCLUSION

The Court finds no error in Magistrate Judge Bowman's Order (Doc. 49). Accordingly, Plaintiff's Objection to Order of Magistrate Judge (Doc. 51) is **OVERRULED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND