IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| ANDREA GOLDBLUM, | : Case No. 1:19-cv-398 |
| Plaintiff, | : Judge Matthew W. McFarland |
| v. | : |
| UNIVERSITY OF CINCINNATI, | : |
| Defendant. | : |

## ORDER AND OPINION

This matter is before the Court on Plaintiff's Motion to Stay Enforcement of Bill of Costs Pending Appeal and Waive Requirement of Posting a Bond (Doc. 99). Defendant has filed a response (Doc. 100), to which Plaintiff has not filed a timely reply. Thus, this matter is ripe for review. For the reasons below, Plaintiff's Motion to Stay Enforcement of Bill of Costs Pending Appeal and Waive Requirement of Posting a Bond (Doc. 99) is **DENIED** as premature.

## BACKGROUND

On May 27, 2019, Plaintiff brought forward allegations that Defendant retaliated against her in violation of Title IX, 20 U.S.C. § 1681, and Title VII, 42 U.S.C. § 2000e-2(a)(1). (*See* Complaint, Doc. 1.) On March 28, 2022, this Court granted summary judgment in favor of Defendant on all of Plaintiff's claims. (*See* Order Granting Defendant's Motion for Summary Judgment, Doc. 89.) On April 4, 2022, Plaintiff appealed this Court's decision to the U.S. Court of Appeals for the Sixth Circuit. (*See* Notice of Appeal, Doc. 91.)

In the meantime, Defendant filed a Bill of Costs (Doc. 93) on May 4, 2022, initially seeking to tax $40,493.30 against Plaintiff. Defendant later withdrew its request for expert witness costs (Doc. 102), such that the remaining amount requested to be taxed is $6,118.30. At this time, the Clerk of Court for the Southern District of Ohio has not considered Defendant's Bill of Costs or taxed it against Plaintiff.

## LAW & ANALYSIS

Plaintiff requests that the Court stay enforcement of Defendant's Bill of Costs pending a decision by the Sixth Circuit on her appeal from this Court's summary judgment decision. (*See* Motion to Stay Enforcement, Doc. 99.) In response, Defendant argues that, if a stay is granted, then Plaintiff should be required to post an appropriate bond to cover the full amount of Defendant's requested costs. (Response in Opposition to Motion to Stay, Doc. 100, Pg. ID 3773.)

Pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.1, it is the role of the Clerk to tax costs. Fed. R. Civ. P. 54(d)(1); S.D. Ohio Civ. R. 54.1. Following, the Court may review the Clerk's determination of costs upon motion by a party. Fed. R. Civ. P. 54(d)(a); *see also Yarberry v. Gregg Appliances, Inc.*, No. 1:12-cv-611, 2017 U.S. Dist. LEXIS 17891, at *3-4 (S.D. Ohio Feb. 8, 2017). It is within the Clerk's discretion to defer taxation of costs pending appeal. S.D. Ohio Civ. R. 54.1.

Here, the Clerk has not yet considered Defendant's Bill of Costs or taxed it against Plaintiff. Instead, the Clerk appears to have employed the discretionary power prescribed in Local Rule 54.1 to defer consideration and taxation of costs pending Plaintiff's appeal. As the Clerk has not yet taxed Plaintiff, the Court is unable to "redetermine" taxation or

otherwise enforce Defendant's Bill of Costs. In turn, a stay of enforcement is not appropriate or necessary at this time. As no stay is being implemented by the Court, there is no need to consider or impose the bond requirement prescribed in Federal Rule of Civil Procedure 62(b).

## CONCLUSION

As the Clerk has not yet considered Defendant's Bill of Costs (Doc. 93) or taxed it against Plaintiff, Plaintiff's Motion to Stay Enforcement of Bill of Costs Pending Appeal and Waive Requirement of Posting a Bond (Doc. 99) is **DENIED** as premature.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature]*
JUDGE MATTHEW W. McFARLAND